with the order, affirmed, without costs of this appeal to either party. All concur; Sears, P. J., not sitting.

JOSEPH VALVO, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 19498.) — Judgment affirmed, with costs. Certain findings of fact disapproved and reversed and new findings made. (See *Conant* v. *State of New York*, 206 App. Div. 647.) All concur, except Sears, P. J., who dissents and votes for reversal on the law on the ground that in his opinion the record is devoid of evidence showing that the flooding of claimant's land was caused by any negligence on the part of the State.

MILTON NEWTON, an Infant, etc., Appellant, v. JOHN H. KEMP, Respondent.— Order reversed on the law in so far as it determines that Walter Newton was a necessary party defendant and in so far as it provides that he be made a party defendant, and otherwise affirmed; and motion in relation to making Walter Newton a party defendant denied, without costs of this appeal ·to either party. All concur.

EDWARD BRITCHER, Respondent, v. MARGARET SKELLY, Appellant, and JOHN HOFMEISTER, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur.

JOSEPHINE TALARICO, Plaintiff, v. NATIONAL SURETY COMPANY, Respondent, and LOUIS M. BALLISTER, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur.

ALICE H. MICHAEL, Respondent, v. GEORGE F. MICHAEL, Appellant.— Order reversed, without costs, and motion granted. The allegations of the complaint which are attacked, considering the remainder of the complaint, state no facts tending to indicate that the agreement between the parties was unfair, inequitable or unjust. (*Tirrell* v. *Tirrell*, 232 N. Y. 224.) All concur.

THOMAS C. LOWERY and Others, Respondents, v. C. M. MCLEAN AND SONS, INCORPORATED, and Another, Appellants, Impleaded with Another, Defendant.— Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, on the grounds stated in the opinion in *White* v. *McLean & Sons, Inc.* [*ante*, p. 342], decided herewith. All concur.

DOMINICO CAMPANA, Respondent, v. NEWARK FIRE INSURANCE COMPANY, Appellant, and LIVINGSTON COUNTY TRUST COMPANY, Defendant.— Order denying motion for bill of particulars reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. All concur.

DOMINICO CAMPANA, Respondent, v. NEWARK FIRE INSURANCE COMPANY, Appellant, and LIVINGSTON COUNTY TRUST COMPANY, Defendant.— Order reversed in so far as it vacates the notice in respect to an examination as to the vacancy of the premises and motion denied as to this and order otherwise affirmed, without costs of this appeal to either party. The burden of proof to establish a breach of the terms of the contract in respect to a vacancy of the premises is on the defendant and defendant is entitled to an examination of the plaintiff in respect thereto. All concur.

HATTIE B. WARREN, Respondent, v. WILLIAM J. DOTY, as Administrator, etc., of FRANK M. REEVES, Appellant.— Order modified by providing that the stay is upon condition that the action against the insurance company be brought on or before May 20, 1932, and thereafter prosecuted diligently by the plaintiff therein

to judgment. All concur, except Taylor and Edgcomb, JJ., who dissent and vote for reversal on the ground that the motion is premature.

WILLIAM J. WARREN, Respondent, v. WILLIAM J. DOTY, as Administrator, etc., of FRANK M. REEVES, Deceased, Appellant.— Order modified by providing that the stay is upon condition that the action against the insurance company be brought on or before May 20, 1932, and thereafter prosecuted diligently by the plaintiff therein to judgment. All concur, except Taylor and Edgcomb, JJ., who dissent and vote for reversal on the ground that the motion is premature.

THE HAYES NATIONAL BANK, Respondent, Appellant, v. WALTER J. CHYNO-WETH, Appellant, Respondent. (FRANK W. RUSS and Another, Respondents on Defendant's Appeal.) — Order denying motion to bring in parties defendant affirmed, with ten dollars costs and disbursements to the plaintiff and ten dollars costs and disbursements to the respondents Russ and Stillman. It is well settled law that under section 193 of the Civil Practice Act defendant, the maker of the note, cannot against plaintiff's protest bring in drawee-indorsers as parties defendant to try out against them a claimed cause of action for damages based on wrongful diversion of the note. Order denying motion for summary judgment reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Defendant presents nothing to indicate that the Utica Trust and Deposit Company did not obtain title to the promissory note as a holder in due course. (Neg. Inst. Law, §§ 91, 95.) Therefore, plaintiff is a holder in due course, there being nothing in the record to show that it had been itself a party to any fraud or illegality. (Neg. Inst. Law, § 97.) All concur.

ROBERT G. GIBBS, as Administrator, etc., of ROBERT GIBBS, JR., Deceased, Appellant, v. LEHIGH VALLEY RAILROAD COMPANY, Respondent.— Judgment affirmed, with costs. (See Castle v. Director-General of Railroads, 232 N. Y. 430; Allen v. Erie R. R. Co., 244 id. 542; Schrader v. N. Y. C. & St. L. R. R. Co., 254 id. 148.) All concur, except Thompson and Crosby, JJ., who dissent and vote for reversal on the law and for granting a new trial on the ground that this is a death case where the burden of proving contributory negligence rests upon defendant. There is no proof that decedent did not look and listen. There is proof that defendant's train gave no signal, and, therefore, listening would have availed nothing. There is proof that looking might have led to decedent's confusion, due to electric lights of various kinds competing with the locomotive light. Under the conditions existing because of these confusing cross lights, decedent had a right to expect a signal by bell or whistle. At least the jury could have found that defendant's failure to sound bell or whistle, coupled with the difficulty decedent met in identifying the locomotive light, relieved decedent of the imputation of negligence. He cannot be said to be guilty of negligence as a matter of law. The cases relied on for the decision made herein were daylight cases, without any confusing lights, where it was not so necessary to rely on the signal by bell or whistle.

HICKSON ELECTRIC COMPANY, INCORPORATED, Respondent, v. WILLIAM H. SCOTT, Doing Business as SCOTT PUMP COMPANY, Appellant.— Judgment affirmed, with costs. All concur.

COMMERCIAL CREDIT CORPORATION, Respondent, v. RIVERSIDE WHIPPET,